IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL A. RANSOME,

    Plaintiff,

v.                                                                        Civil Action No. 3:16-cv-01002

DANA O'BIER,
GAYLE STERRETT,
STEVE BERMAN,
and
NORTHUMBERLAND COUNTY SCHOOL BOARD

    Defendants.

## OPINION

This case flows from accusations of racial bias, personal animosity, and political maneuvering in a rural Virginia school district that ultimately led to the plaintiff, Michael Ransome, losing his job as principal of Northumberland Middle School ("NMS"). Ransome brings his complaint against the Northumberland County School Board (the "School Board"), School Board members Dana O'Bier and Gayle Sterrett, and their alleged co-conspirator, local activist Steve Berman. Ransome brings a variety of state law tort claims against O'Bier, Sterrett, and Berman, as well as breach of contract against O'Bier, Sterrett, and the School Board (collectively the "Northumberland Defendants"). He also brings a federal claim under 42 U.S.C. § 1981, alleging that the School Board breached its contract with Ransome due to O'Bier's and Sterrett's racial bias.

The Northumberland Defendants have moved to dismiss Ransome's claims. The Court grants their motion to dismiss in part and denies it in part. The Court grants the motion to dismiss Ransome's § 1981 claim because § 1981 is not the proper vehicle to assert a

discrimination claim against state actors.[1] Ransome's business conspiracy claim fails because Ransome does not have a separate business interest unrelated to his personal reputation or employment interest as required by statute. Ransome claims that the School Board breached his contract when it removed him as NMS principal and made him Director of Achievement Gap Initiative, but this claim fails because the School Board has the power to terminate Ransome's employment under both the contract and Virginia statute. Ransome's claim that Sterrett and O'Bier tortiously interfered with his employment fails because Ransome does not adequately allege breach of contract, an essential element of tortious interference with contract. Finally, Ransome's claim that O'Bier and Sterrett conspired with Berman to tortiously interfere with Ransome's contract fails because the tortious intereference claim fails. The Court denies the motion to dismiss as to Ransome's defamation and conspiracy to defame claims because Ransome has stated a plausible claim for those torts.

## I. BACKGROUND

The School Board hired Ransome as principal of NMS in June 2014. From 2014 through 2016, Ransome received positive performance reviews from the Northumberland County Public Schools ("NCPS") Superintendent. NCPS renewed his contract in 2015 and again in 2016. Ransome's contract with the School Board includes the following provisions: (1) "The School Board reserves the right to dismiss, suspend, or place on probation Employee . . . ;" and (2) the

---

[1] In its Order on Ransome's Motion to Remand (Dk. No. 18.), the Court held that Ransome's complaint sufficiently invoked 42 U.S.C. § 1981 to grant the Court jurisdiction over this case. The Court found that Ransome's complaint did not include claims under 42 U.S.C. § 2000e-2(a)(1) or § 2000e-3(a). Accordingly, the Court does not address the § 2000e claims at this time.

2

"contract shall not operate to prevent discontinuance of employment as provided or allowed by law."[2]

In November 2015, O'Bier and Sterrett won election to the School Board. Ransome alleges that from the time O'Bier and Sterrett won their School Board seats through at least the summer of 2016, they, along with Berman, "planned and schemed to remove Ransome as the NMS Principal." (Compl. ¶ 17.) Ransome also alleges that the O'Bier and Sterrett used Berman's membership in a local political action committee, Active Community Members for Education ("ACME"), as a vehicle for their scheme to defame Ransome.

Ransome identifies two notable events that contributed to the ill will among the parties. First, before Sterrett joined the School Board, Ransome turned her down for a teaching job at NMS. Second, in February 2016, Ransome gave a talk at the Northumberland Public Library on the subject of white privilege after the library's director heard Ransome speak at a church discussion group. Many clashes between Ransome and O'Bier, Sterrett, and Berman came to a head on June 29, 2016, at a special School Board meeting to approve year-end expenditures. With the School Board chairman absent, O'Bier and Sterrett moved to reassign/promote Ransome to an administrative, non-principal position and, over the objections of the School Board's counsel, forced a vote on the motion. Only O'Bier and Sterrett voted in favor of the motion. Another School Board member voted against and a fourth abstained. The motion passed.

---

[2] Mem. Opp'n Mot. Dismiss, Ex. A, ¶ 5, 6. Courts may consider documents incorporated into the complaint by reference when deciding a motion to dismiss. *Goines v. Valley Cmty Servs. Board*, 822 F.3d 159, 166 (4th Cir. 2016). In this case, Ransome refers to his contract with the School Board throughout his complaint and several of his claims turn on the contract's contents.

## II. DISCUSSION[3]

Ransome alleges that the defendants' behavior gives rise to claims for discrimination under 42 U.S.C. § 1981; business conspiracy under Va. Code Ann. §§ 18.2-499, 18.2-500 (Count I); breach of contract (Count V); tortious interference with a contract (Count III); conspiracy for tortious interference with contract (Count II); defamation (Count IV); and conspiracy to defame (Count II).[4]

### A. 42 U.S.C. § 1981

Ransome fails to state a claim that the Northumberland Defendants discriminated against him because of his race in violation of 42 U.S.C. § 1981. The federal remedy for a § 1981 claim against state actors is a claim under 42 U.S.C § 1983. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Because Ransome did not use the proper vehicle to bring a § 1981 claim

---

[3] The Northumberland Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim for relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007)).

[4] The complaint purports to hold the School Board liable for O'Bier and Sterrett's alleged defamation. Ransome's brief, however, unequivocally says that "the only claim asserted against the School Board is Count V—Breach of Contract." (Dk. No. 9.) The Court takes Ransome at his word and accordingly need not address the School Board's sovereign immunity defense.

4

against state actors, the Court dismisses the claim without prejudice and grants Ransome leave to re-plead only this claim.[5]

## B. Business Conspiracy

Ransome alleges that O'Bier, Sterrett, and Berman took action against Ransome in an effort to assassinate his character and destroy his reputation as an administrator and lecturer, but he does not state a claim for statutory business conspiracy. Under Va. Code §§ 18.2-499, 18.2-500, a business conspiracy claim requires "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business (2) resulting in damage to the plaintiff." *Sunlap v. Cottman Transmission Sys.*, 287 Va. 207, 214, 754 S.E.2d 313, 317 (2014) (quoting *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449, 318 S.E.2d 592, 596 (1984)). "An individual does not have a business interest if 'he neither owned a company, did business as a separate organization, nor had a separate tax identification number for his contractor status.'" *Cox v. MAG Mutual Ins. Co.*, 3:14-cv-377-JAG, 2015 WL 1640513, at *6, n. 17 (E.D. Va. Apr. 9, 2015) (quoting *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012)). The statute does not protect "personal reputation and interest in employment." *Andrews v. Ring*, 226 Va. 311, 319, 585 S.E.2d 780, 784 (2003).

Ransome claims that the defendants' conduct harmed his reputation as a school administrator and as a lecturer, but these allegations fail to state a claim. First, Ransome does not allege any role as an administrator outside of his employment as NMS principal, so the claim fails as related to that allegation. Next, Ransome fails to state a cognizable business interest in

---

[5] Even if Ransome does not re-plead this claim, the Court retains supplemental jurisdiction over the pendent state law claims in this case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims.").

lecturing because Ransome does not allege that he owned a lecturing company, did business giving lectures as a separate organization, or had a separate tax identification number for contractor status related to his lectures. Accordingly, the Court dismisses Ransome's Count I business conspiracy claim.

### C. Breach of Contract

Ransome's charge that the School Board breached its contract with Ransome by reassigning him from NMS principal does not amount to a breach of contract claim. To state a claim for breach of contract, Ransome must allege that (1) he had an enforceable agreement with the School Board, (2) that the School Board's actions violated or breached that agreement, and (3) that he suffered an injury or damage because of the breach. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154, 671 S.E.2d 132, 135 (2009). Ransome's claim turns on the second element—actions violating or breaching the agreement.

The plain language of Ransome's employment contract states that the "School Board reserves the right to dismiss, suspend, or place on probation Employee," and that the "contract shall not operate to prevent discontinuance of employment as provided or allowed by law."[6] Virginia statute provides a three-year probationary period for principals. Va. Code § 22.1-294(A). Ransome was within this period at the time of the alleged breach, and the School Board acted within the scope of its power when it removed Ransome from his position as NMS principal and reassigned him to Director of Achievement Gap Initiative. Accordingly, the Court dismisses Ransome's Count V breach of contract claim.

---

[6] Mem. Opp'n Mot. Dismiss, Ex. A, ¶ 5, 6.

### D. Tortious Interference with a Contract

Ransome's claim for tortious interference with a contract fails because of his failure to state a breach of contract claim. To state a claim for tortious interference with a contract under Virginia law, Ransome must allege facts to support "(1) existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Schaecher v. Bouffault*, 290 Va. 83, 106, 772 S.E.2d 589, 602 (1954) (citing *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985)). This claim hinges on the third element—an intentional interference inducing or causing a breach or termination. As discussed above, the School Board's actions do not constitute a breach of contract. Accordingly, Ransome's tortious interference claim in Count III also fails.

### E. Conspiracy

The Court interprets Ransome's common-law conspiracy claim in Count II as alleging separate conspiracy claims for tortious interference with a contract and for defamation. The Court dismisses Ransome's conspiracy claim as to tortious interference with a contract, but denies the motion to dismiss Ransome's claim of conspiracy to defame.

To successfully plead common-law conspiracy under Virginia law, Ransome must allege "(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, which (3) results in damage to the plaintiff." *Cox*, 2015 WL 1640513, at *6 (citing *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007)). In Virginia, a conspiracy claim must relate to an underlying tort. *See Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 300, 484 S.E.2d 892, 896 (1997). As discussed above,

Ransome does not state a claim for tortious interference, and therefore fails to state a related conspiracy claim. The Court dismisses Ransome's Count II common-law conspiracy claim for tortious interference. The Court will discuss Ransome's defamation-related conspiracy claim below.

### F. *Defamation* Per Se

Ransome successfully states a claim for defamation *per se*. To state a claim for defamation, Ransome must allege that O'Bier and Sterrett published an actionable statement with the requisite intent. *Schaecher*, 290 Va. at 91, 772 S.E.2d at 594. For a statement to be actionable, it must be both false and defamatory. *Id.* A statement has the requisite defamatory "sting" when it "tends to injure one's reputation in the common estimation of mankind, to throw contumely, shame, or disgrace upon him, or which tends to hold him up to scorn, ridicule, or contempt, or which is calculated to render him infamous, odious, or ridiculous." *Id.* (quoting *Moss v. Harwood*, 102 Va. 386, 392, 46 S.E. 385, 387 (1904)). The requisite intent for defamation involving a private citizen[7] is essentially negligence—that the defendant "either knew [the statement] to be false, or believing it to be true, lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication was based." *Gazette, Inc. v. Harris*, 229 Va. 1, 15, 325 S.E.2d 713, 725 (1985).

Ransome's complaint refers to several allegedly defamatory statements made by O'Bier and by Sterrett that amount to a plausible claim for defamation. For example, Sterrett sent a text message to Berman, Berman's wife, and other ACME members about Ransome's reassignment that said, among other things, that teachers and staff at NMS worked in fear of administrative retaliation. Based on these allegations, Ransome states a plausible claim for *per se* defamation,

---

[7] The parties do not dispute Ransome's status as a private citizen.

and discovery will provide further factual development.[8] Accordingly, the Court denies the motion to dismiss as to Ransome's Count IV defamation *per se* claim.

In addition to alleging facts supporting a claim for defamation, Ransome also alleges that O'Bier, Sterrett, and Berman conspired to defame him, and that they used personal email accounts to coordinate and communicate their defamatory publications. The Court therefore denies the motion to dismiss Ransome's Count II common-law conspiracy claim as it relates to defamation.

### III. CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part the defendants' motion to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se defendant, Steve Berman.

Date: April 20, 2017
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[8] The Northumberland Defendants claim that a qualified privilege attaches to O'Bier's and Sterrett's statements. The complaint does not clearly demonstrate whether the qualified privilege attaches to the alleged statements, so the Court does not decide that issue at this stage.